## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE VON KALTNER** ) | |
| 5 Avenida Munoz Rivera ) | |
| Apt. 901 ) | |
| San Juan, PR 00901 ) | |
| ) | |
| Plaintiff, ) | |
| V. ) | |
| ) | **COMPLAINT** |
| **DEPARTMENT OF HOMELAND** ) | |
| **SECURITY** ) | **Civil Action No:** |
| 245 Murray Lane, SW ) | |
| Washington, District of Columbia  20528-0075 ) | |
| ) | |
| And ) | |
| ) | |
| **U.S. CUSTOMS AND BORDER PATROL** ) | |
| 1300 Pennsylvania Ave. ) | |
| Washington, District of Columbia  20229 ) | |
| ) | |
| ) | |
| **As to each Defendant Serve:** ) | |
| Matthew M. Graves ) | |
| United States Attorney for The ) | |
| District of Columbia ) | |
| 601 D Street, NW ) | |
| Washington, DC  20530 ) | |
| ) | |
| ) | |
| Attorney General of the ) | |
| The United States ) | |
| U.S. Department of Justice 10th ) | |
| Washington, District of Columbia 22314 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF

For his Complaint, George Von Kaltner ("Mr. Von Kaltner" or "Plaintiff"), by the undersigned counsel, states as follows:

1.      Plaintiff brings this action for injunctive relief and other appropriate relief and seeks the disclosure and release of agency records improperly withheld from Plaintiff by the Defendants, the Department of Homeland Security, and its subordinate agencies, pursuant to the Privacy Act of 1974, 5 U.S.C. §552a et seq. ("PA") and the Freedom of Information Act, 5 U.S.C. §552(a) et seq. ("FOIA").

### PARTIES

2.      Plaintiff is a United States citizen and a resident of Puerto Rico.

3.      The Defendant, Department of Homeland Security (DHS), headquartered at Washington, D.C., and their federal agencies fall under the definition of "federal government agency" within the meaning of (1) 28 U.S.C. §1346(b), 28 U.S.C. §2401(b), and 28 U.S.C. §2671, and (2) 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(a)(1).  The U.S. Customs and Border Patrol (CBP) is a component of DHS, headquartered at Washington, D.C.  The DHS is in possession, custody, and control over documents and records about Plaintiff.

### JURISDICTION AND VENUE

4.      The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §1331.  The Court has the authority to issue declaratory and injunctive relief under 28 U.S.C § 1361.  The venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5), and 28 U.S.C. §1391 (b) and (e).  The Court has the authority to award attorneys' fees and expenses under 5 U.S.C. §552(a)(4)(E)(i) and  28 U.S.C. § 2412.

2

## FACTS

5.      Plaintiff recently applied for Global Entry Membership/Status and an Asia Pacific Economic Cooperation (APEC) Business Travel Card (ABTC), programs under the control, direction, and within the responsibilities of Defendants, on July 12, 2021.

6.      On November 2, 2021, Defendants notified Plaintiff that his application for Global Entry and an ABTC were disapproved due to, "You do not meet program eligibility requirements."  See Exhibit A, Defendants' denial letter to Plaintiff.

7.      On December 16, 2021, Plaintiff's counsel filed a request that was processed under the Privacy Act and the Freedom of Information Act to understand the reason for the denial of Mr. Von Kaltner's application for Global Entry/Trusted Traveler Program membership. Mr. Von Kaltner's counsel requested "[a]ll interagency and intra-agency correspondence pertaining to" Mr. Von Kaltner's Global Entry application, "[a]ll interagency and intra-agency records related to [Mr. Von Kaltner]," "[a]ll interagency and intra-agency correspondence pertaining to the revocation (sic) of **George Von Kaltner** Global Entry status, Membership Number 985048879," and "[a]ll investigation and standard forms pertaining to the above." The Privacy Act request refers to the information pertaining to Mr. Von Kaltner that is stored in a system of record and retrievable by personal identifier. The FOIA request refers to the information that is not retrievable through a personal identifier. The request received FOIA number CBP-2022-030033. See Exhibit B.

8.      Defendants responded to this request on July 3, 2022 indicating that a search of their database produced records responsive to Plaintiff's December 2021 request.  See Exhibit C. Despite identifying multiple responsive records, Defendants determined that the responsive records were only partially releasable and relied on the following exemptions under FOIA to

withhold and/or redact multiple records: (b)(6); (b)(7)(C); and (b)(7)(E). Defendants' response did not raise any exemptions under the Privacy Act, which they were required by law to provide in order to withhold or only partially release responsive documents.

9.      The records Defendants *did* provide in their July 3, 2022 response also revealed an alleged charge against Plaintiff described as, "Consignee of counterfeit goods via air mail from CN to PR in violation of law."  See Exhibit D.  However, this statement within the records is tied to and/or associated with an incomplete address (i.e. missing an apartment number) that does not match the Plaintiff's, which suggests this misconduct was improperly attached to Plaintiff's record.

10.      Further, upon information and belief, based on the Plaintiff's own understanding of what that charge or alleged misconduct may be referring to, it is highly likely that the alleged charge is not, in fact, as a result of Plaintiff's acts or omissions; however, it is difficult for the Plaintiff to ascertain exactly without having received all requested records to which he is entitled.

11.      Plaintiff would concede that the FOIA Exemptions listed could be used to redact CBP officer names and any computer function instructions or analytical processes used by CBP; however, no exemption would be able to be used or explain how redacting several portions of "Risk Assessor Comments" would be authorized under FOIA or the Privacy Act.  Considering there is no "Supporting Information" cited or indicated, the Plaintiff has no way whatsoever to ascertain where some of the allegations used to deny his application for Global Entry came from, making the improper redactions under (b)(7)(E) even more detrimental to Plaintiff.

12.      Therefore, Plaintiff attempted to exhaust his administrative remedies by appealing the Defendants' response to CBP-2022-030033.

13.     Plaintiff appealed the Defendants' FOIA response on October 31, 2022.  See Exhibit E.  Defendants confirmed receipt of this appeal on the same date and assigned the appeal case number CBP-AP-2023-000200.

14.     To date, Defendants have not released all or portions of responsive records required by law; further, Defendants have not adhered to the required statutory timelines.

15.     Defendants' continued refusal to disclose the rest of the requested records will result in preventing Plaintiff a meaningful opportunity to defend himself in his Global Entry denial appeal, which Plaintiff asserts results in the Defendants violating Plaintiff's 5th Amendment right to due process.

## LEGAL FRAMEWORK

16.     The Freedom of Information Act (FOIA) provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, *shall* make the records promptly available to any person." 5 U.S.C. § 552(a)(3) (emphasis added). Thus, FOIA creates a presumption that records held by the federal government must be produced to members of the public upon request.

17.     Section 552(d) expressly provides that it "does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section." Thus, records may only be withheld if they fall within one of Section 552's enumerated exemptions. The only exemptions raised by Defendants in denying Mr. Von Kaltner's request for records were Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).  *See* Exhibit C.

18.     Exemption (b)(6) provides that Subsection (a)(3)'s obligation to make records available "does not apply to matters that are… personnel and medical files and similar files the

disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" To justify withholding or redaction of specific information contained in records, the Government must establish that the information sought to be excluded from disclosure is a "personnel [or] medical file[]" or a "similar" such file. 5 U.S.C. § 552(b)(6). CBP must then establish that specific individuals have a significant privacy interest in information contained in the requested files. *See Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32, 33 (D.C. Cir. 2002) ("[t]he 'burden is on the agency' to show that requested material falls within" Exemption 6).

19.     If the Court finds a significant privacy interest at stake, it must balance that privacy interest against Mr. Von Kaltner's interest and the public interest in disclosure. *Multi Ag Media LLC v. USDA*, 515 F.3d 1224, 1228 (D.C. Cir. 2008); *Nat'l Ass'n of Home Builders*, 309 F.3d at 32. The relevant public interests include an interest in information that would "shed light on an agency's performance of its statutory duties" and information that would let citizens know "what their government is up to[.]" *Multi Ag Media LLC*, 515 F.3d at 1231 (internal citation omitted). Here, disclosure of the records containing the reason for which Mr. Von Kaltner was denied from the Global Entry program would shed light on whether the agency had denied Mr. Von Kaltner for a permissible reason within the scope of CBP's authority, or for an impermissible reason outside the scope of its authority.

20.     In engaging in this balance, and in determining whether production of the relevant records with redactions of specific personal identifiers would be sufficient to protect identified privacy interests, the presumption in favor of disclosure is strong. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 380-81 (1976); *Multi Ag Media LLC*, 515 F.3d at 1227. On information and belief, the portions of CBP records explaining the specific reason(s) for which Mr. Von Kaltner's entry into the Global Entry Program was denied would not reveal any specific

6

personal identifiers of individuals other than Mr. Von Kaltner. Alternatively, if the sections explaining why Mr. Von Kaltner's entry was revoked specifically mention specific personal identifiers of other individuals, the references to such personal identifiers could be redacted without likewise redacting the actual reason for which Mr. Von Kaltner's entry into this Program was denied.

21.     Exemption (b)(7)(C) provides that Subsection (a)(3)'s obligation to make records available "does not apply to matters that are… records or information compiled for law enforcement purposes, but *only to the extent that* the production of such law enforcement records or information… could reasonably be expected to constitute an unwarranted invasion of personal privacy" (emphasis added). As with Exemption 6, CBP must establish that specific individuals have a significant privacy interest in information contained in the requested files. *Bartko v. DOJ*, 898 F.3d 51, 66 (D.C. Cir. 2018); *Akin, Gump, Strauss, Hauer & Feld, L.L.P v. DOJ*, 503 F. Supp. 2d 373, 383 (D.D.C. 2007).

22.     As with Exemption 6, if the Court finds any significant privacy interest at stake, the Court must balance the identified significant privacy interest in nondisclosure against Mr. Von Kaltner's interest and the public interest in disclosure. *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). As with Exemption 6, in performing this balancing test, courts have assessed whether the agency could redact the documents to protect individual privacy interests while releasing the remaining information. *Mays*, 234 F.3d at 1327; *Prows v. DOJ*, No. 90-2561, 1996 U.S. Dist. LEXIS 23122 at *8-9 (D.D.C. Apr. 25, 1996). On information and belief, the portions of CBP records explaining the specific reason(s) for which Mr. Von Kaltner's entry into the Global Entry program was denied would not reveal any specific personal identifiers of individuals other than Mr. Von Kaltner. Alternatively, if the sections explaining why Mr. Von

Kaltner's entry was denied specifically mention specific personal identifiers of other individuals, the references to such personal identifiers could be redacted without likewise redacting the actual reason for which Mr. Von Kaltner's entry into this Program was denied.

23.     Exemption (b)(7)(E) provides that Subsection (a)(3)'s obligation to make records available "does not apply to matters that are... records or information compiled for law enforcement purposes, but *only to the extent that* the production of such law enforcement records or information… would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law" (emphasis added). Exemption 7(E) only applies to information that can fairly be characterized as describing confidential law enforcement techniques or procedures not known to the public. *Ibrahim v. U.S. Dep't of State*, 311 F. Supp. 3d 134, 144 (D.D.C. 2018). On information and belief, the portions of CBP records explaining the specific reason(s) for which Mr. Von Kaltner's entry into the Global Entry Program was denied would not reveal any confidential law enforcement techniques or procedures. Alternatively, if the sections explaining why Mr. Von Kaltner's entry was denied specifically refer to any such techniques or procedures, the references to such techniques or procedures could be redacted without likewise redacting the actual reason for which Mr. Von Kaltner's entry into this Program was denied. *See, e.g., Ibrahim*, 311 F. Supp. 3d at 144.

24.     Moreover, Plaintiff is not simply a member of the public requesting access to information about third parties, but rather is an individual requesting information about *himself*. The Privacy Act provides that "[e]ach agency that maintains a system of records shall upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system [and] permit him… to review the record and have a copy made

of all or any portion thereof in a form comprehensible to him[.]" 5 U.S.C. § 552a(d)(1). The Privacy Act accordingly creates a presumption that records held by the federal government that pertain to a specific individual must be made available to that individual upon request.

25.      Records may only be withheld or redacted under the Privacy Act if they fall within one of the enumerated exemptions in subsections (j) or (k). Defendants at no point raised *any* Privacy Act exemption as a basis for withholding or redacting the requested information. *See* Exhibits C. This is presumably because none of the Privacy Act exemptions apply. The only exemption that could conceivably apply is the Privacy Act's corollary to Exemption (b)(7)(E), Exemption (k)(2). Exemption (k)(2) allows for exemptions of "investigatory material compiled for law enforcement purposes[.]" However, even if Defendants were to raise Exemption (k)(2), it would not permit the excessive redactions and withholdings that have occurred here. Exemption (k)(2) provides that "if any individual is denied any right, privilege, or benefit that he would otherwise be entitled by Federal law, or for which he would otherwise be eligible, as a result of the maintenance of such material, such material shall be provided to such individual, except to the extent that the disclosure of such material would reveal" the identity of a confidential informant. 5 U.S.C. § 552a(k)(2). Mr. Von Kaltner has been denied entry to the Global Entry program—a privilege or benefit to which he would otherwise be eligible. Accordingly, under the Privacy Act, Plaintiff is entitled to access the requested records which pertain directly to him.

26.      Lastly, upon receipt of an individual's request under FOIA and/or the Privacy Act, under (a)(6)(A)(i), the agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays)... whether to comply with such request and shall immediately notify the person."  Further, under (a)(6)(A)(ii), the same timeline guidance applies to appeals, and, "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall

notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection." Under (i) or (ii), above, the time limits may be extended by written notice to the person making the request if "unusual circumstances" apply, but such extension would not be authorized to exceed ten working days. Plaintiff appealed the Defendants' FOIA response on October 31, 2022, which was confirmed on the same day by Defendants and provided the request case number CBP-AP-2023-000200.  The deadline by which Defendants had to respond to Plaintiff's request - or at least provide written notice of their unusual circumstances - was due to Plaintiff by November 29, 2022. To date, Defendants have not provided any response to Plaintiff's properly requested appeal.

<u>**COUNT I**</u>
**(Violation of the Freedom of Information Act-5 U.S.C. §552)**

27.     Plaintiff realleges paragraphs 1 through 26 as if fully stated herein.

28.     Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

29.     Plaintiff has exhausted applicable administrative remedies.

30.     Plaintiff is being irreparably harmed because of Defendants' unlawful withholding of requested records. Plaintiff will continue to be irreparably harmed unless the Defendants are compelled to conform its conduct to the requirements of the law.

31.     WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendants violated the Freedom of Information Act; (2) order Defendants to immediately disclose the requested records, and limit redactions only to the names of CBP officers and computer function instructions, file location identifiers, and analytical processes used by CBP as it performs its duties and obligations under its Trusted Traveler Programs and make copies

available to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

## COUNT II
### (Violation of the Privacy Act, 5 U.S.C. §552a(g)(1)(B))

32.     Plaintiff realleges paragraphs 1 through 31 as if fully stated herein.

33.     Plaintiff is an individual seeking access to information about himself.

34.     Any documentation in the possession, custody, and control of Defendants is a record maintained in a system of records, as described 5 U.S.C. §552a(a)(4)- (5).

35.     Upon information and belief, there are records responsive to Plaintiff's request that are being withheld or released with redactions applied to relevant content that does not fall within Exemptions (b)(6), (b)(7)(C), or (b)(7)(E).   Defendants are wrongfully withholding records and information requested.

36.     Plaintiff has exhausted all required and available administrative remedies.

37.     Plaintiff has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for Defendants' denial of said right.  Defendants' refusal to provide Plaintiff with the requested records amounts to a deprivation of Plaintiff's federal rights.
The Defendants' failure to properly respond to Plaintiff's FOIA request violated the statutory deadline imposed by the FOIA in 5 U.S.C. §552(a)(6)(A)(i).

38.     WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendants violated the Privacy Act; (2) order Defendants to immediately disclose the requested records, and limit redactions only to the names of CBP officers and computer function instructions, file location identifiers, and analytical processes used by CBP as it performs its duties and obligations under its Trusted Traveler Programs and make copies available to

Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

### COUNT III
### (Violation of the Privacy Act, 5 U.S.C. §552a(g)(1)(C))

39.     Plaintiff realleges paragraphs 1 through 38 as if fully stated herein.

40.     Defendants relied upon documents and information maintained in records they kept about Plaintiff in order to make their decision to deny Plaintiff's request for Global Entry Membership Status.

41.     Plaintiff has been aggrieved by Defendants' decision to deny his Global Entry request; namely, in addition to the fee Plaintiff has already paid for Global Entry ($100), since Plaintiff's request, he has returned from six (6) international trips, resulting in waiting an average of one (1) hour per trip.  Considering Plaintiff is an entrepreneur and CEO of his own successful company, based on his salary, this time waiting has already resulted in $11,538 costs and losses to Plaintiff.   These damages are continuing, ongoing, and will continue to accumulate due to Plaintiff's necessity to travel for business purposes.

42.     As is evident by Defendants relying on records that, upon information and belief, Plaintiff believes do not involve Plaintiff, Defendants failed to maintain Plaintiff's records with the degree of accuracy necessary to assure fairness in their determination regarding Plaintiff's Global Entry status.

43.     But for the Defendants relying on the inaccurate records in Plaintiff's case, Plaintiff's Global Entry request would not have been denied.

44.      Defendants acted so egregiously and unlawfully that Defendants' personnel should have known their conduct and reliance on such records to Plaintiff's detriment was unlawful.

45.     WHEREFORE, Plaintiff requests that this Court award him the following relief: (1) declare that Defendants violated the Privacy Act; (2) order Defendants to immediately correct Plaintiff's records and refrain from relying on records that do not belong to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552a(g)(3)(B); (4) award Plaintiff actual damages as provided in 5 U.S.C. §552a(g)(4)(B); and (5) grant such other relief as the Court may deem just and proper.

## COUNT IV
**Due Process Claims against the Defendants for violating the Due Process Clause of the Fifth Amendment of the United States Constitution.**

46.     Plaintiff adopts and incorporates by reference paragraphs 1 through 45 as if fully stated.

46.     Plaintiff has a Fifth Amendment right to Due Process of law before the government deprives him of life, liberty, or property.  Once an Agency makes a decision based on an investigation, a bare minimum amount of procedural and substantive due process attaches in order for the subject of the investigation to have a meaningful opportunity to defend him/herself.

47.     Defendants are withholding portions of several pages of the underlying investigation and failing  to disclose entire records that served as the basis for the Global Entry denial.

48.     Plaintiff has protectable liberty interests – fundamental rights — in due process of law under the Fifth Amendment.

49.     The Defendants, either by discriminatory motive or intent or through reckless or callous indifference to the Plaintiff's federally protected rights, erroneously withheld a significant portion of the investigation in a subjective, erroneous, arbitrary, and capricious manner with standardless discretion, thereby intentionally violating the Plaintiff's constitutional

rights.

50.     The threat was imminent and did occur that the conduct of the Defendants deprived the Plaintiff of due process of law under the laws of the United States on or about July 3, 2022, and every day since, and the deprivation directly and proximately caused Plaintiff to suffer the loss of his protected freedoms, including but not limited to, the benefit of a Global Entry Status/Membership for which has already been paid, the resulting loss of significant time as he waits in customs lines, and reputational damage when he travels for business and must explain to business partners and clients why he does not possess Global Entry.

51.     The Defendants violated Plaintiff's substantive due process by denying the Plaintiff's Global Entry membership without providing him all relevant materials to appeal the matter and/or defend himself. Additionally, the Defendants continue to violate Plaintiff's due process rights by failing to adhere to statutory requirements regarding their obligation to, at a minimum, provide a timely response to Plaintiff's appeal.  Defendants are already in violation of the Freedom of Information Act and the Privacy Act, and they continue to violate the law each day that passes.

52.     As paragraphs 9 and 10 indicate, the Defendants' violation is even more egregious considering that the materials used for their decision to deprive the Plaintiff of his Global Entry status actually may implicate another individual who is not the Plaintiff and/or may be someone else's records entirely.

53.     As a result, either the records involve the Plaintiff, which, in that case, requires the Defendants to have provided an exception or exemption under the Privacy Act, or the records do not involve the Plaintiff, which means the Defendants agree with the contention that improper records and/or charges are intentionally and improperly being used against the Plaintiff to

deprive him of his Global Entry; either way, the Defendants have violated and continue to violate Plaintiff's right to due process.

54.     WHEREFORE, the Plaintiff is entitled to relief in the form of (1) a declaratory order that Defendants are in violation of the Fifth Amendment; (2) an injunction compelling the Defendants to: (i) cease discriminating against Plaintiff; (ii) cease inserting unconstitutional criteria into Defendants' processes; (3) award Plaintiff reasonable costs and attorney's fees; and (4) grant such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF AS TO COUNTS I-II

Plaintiff respectfully requests that the Court:

55.     Declare the Defendants' failure to comply with FOIA and the Privacy Act to be unlawful;

56.     Order the Defendants to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's FOIA and Privacy Act Requests;

57.     Order the Defendants to produce all responsive records without further delay or charge;

58.     Enjoin the Defendants from continuing to withhold records responsive to Plaintiff's FOIA and Privacy Act Requests to Defendants;

59.     Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

60.     Grant such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF AS TO COUNT III

Plaintiff respectfully requests that the Court:

61.     Declare the Defendants' failure to comply with the Privacy Act to be unlawful;

62.     Order the Defendants to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's Privacy Act Request;

63.     Order the Defendants to produce all responsive records without further delay or charge;

64.     Enjoin the Defendants from continuing to withhold records responsive to Plaintiff's Privacy Act Request to Defendants;

65.     Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E);

66.     Award Plaintiff his actual damages in the amount of $11,638, plus additional amounts incurred that continue to accrue until completion of this lawsuit, pursuant to 5 U.S.C. §552a(g)(4)(B); and

67.     Grant such other relief as the Court deems just and proper.

## **PRAYER FOR RELIEF AS TO COUNT IV**

68.      Declare that the Defendants violated the Plaintiff's protected constitutional rights under the Due Process Clause of the Fifth Amendment of the United States Constitution;

69.      A preliminary and permanent injunction prohibiting Defendants from continually violating Plaintiff's constitutional rights and associated practices challenged in this Complaint;

70.      Award Plaintiff his reasonable attorney fees, litigation expenses, and costs as allowed under applicable laws/case law, and grant such other relief as this Court deems just to the Plaintiff and his attorneys.

Dated: December 22, 2022

Respectfully submitted,

By: *Brett J. O'Brien*

BRETT O'BRIEN, ESQ
DC Bar License #: 1753983
NATIONAL SECURITY LAW
FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone:  (202) 600-4996
Fax:     (202) 545-6318